IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MAURICE A. MOORE, | ) | 4:10CV3088 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TIMOTHY C. PHILLIPS, Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Maurice A. Moore, filed his complaint in this matter on May 12, 2010, (filing No. 1.) and has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Moore's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Maurice A. Moore filed his complaint in this matter on May 12, 2010, against defendant, Timothy Phillips ("Phillips"). (Filing No. 1 at CM/ECF p. 1.) Moore identifies Phillips as an attorney engaged in private practice in Lincoln, Nebraska. (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Moore alleges that Phillips represented the mother of his child, Joely Babin ("Babin") in a separate, ongoing state-court juvenile proceeding. (*Id.* at CM/ECF pp. 2-3, 7-11.) In doing so, Phillips assisted Babin in preparing an affidavit relating to Moore's involvement in alleged child abuse and other threatening and "erratic behavior." (*Id.*) No child abuse charge was ultimately filed against Moore. (*Id.*) Moore alleges that Phillips's actions violated various provisions of the United States Constitution and Nebraska state law, and he seeks a declaratory judgment and $100,000.00 in damages "to deter" Phillips from this

behavior in the future. (*Id.* at CM/ECF pp. 5-6.) In addition, prior to filing this matter, Moore filed at least two other actions against Phillips in Nebraska state court. (*Id.* at CM/ECF pp. 13-15.) The Nebraska state courts dismissed both of these actions. (*Id.*)

### II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.    DISCUSSION OF CLAIMS

Moore  requests relief against Phillips because of his actions in ongoing state-

2

court juvenile proceedings. (Filing No. 1.) This court is mindful of its obligation to promote comity between state and federal judicial bodies and will "abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings." *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996); *see also Carson P. v. Heineman*, 240 F.R.D. 456, 523-32 (D. Neb. 2007) (finding that "child welfare and protection" is an important state interest and abstaining from jurisdiction where the plaintiffs were involved in separate juvenile proceedings in Nebraska state court in which they could raise their constitutional claims).

Here, Moore requests that the court grant him monetary relief "to deter" Phillips from once again assisting Babin in the ongoing state-court juvenile proceedings. (Filing No. 1 at CM/ECF pp. 5-6.) Moore also requests that the court enter a declaratory judgment stating that Phillips's representation of Babin violated the United States Constitution and Nebraska law. (*Id.*) There is an ongoing state judicial proceeding in juvenile court which implicates the important state interests relating to the safety of Moore and Babin's child and Moore's visitation of that child. (*Id.* at CM/ECF pp. 7-11.) Moore has neither alleged, nor demonstrated, that those proceedings will not provide him with the opportunity to raise his claims and his objections to Phillips's actions and Babin's affidavit.[1] Accordingly, the court will

---

[1] The record shows that Moore has attempted to raise his claims in two other state-court proceedings, but the state courts dismissed those claims. (Filing No. 1 at CM/ECF pp. 13-15.) Moore may be seeking relief from the dismissal of those matters. However, this court is barred from exercising jurisdiction over those final state-court judgments because the *Rooker-Feldman* doctrine prohibits lower federal

abstain from exercising jurisdiction over Moore's claims. However, the court will dismiss Moore's complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Moore's complaint is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated June 23, 2010.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge

---

courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).